**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**





FILED

Sep 12 2012, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEVIN JOSEPH SHUFFORD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1202-CR-72 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1108-FB-68

**September 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Kevin Joseph Shufford (Shufford), appeals his sentence for two Counts of dealing in cocaine, Class B felonies, Ind. Code § 35-48-4-1, and two Counts of dealing in a substance represented to be a controlled substance, Class D felonies, I.C. § 35-38-4-4.5.

We affirm.

## ISSUE

Shufford raises one issue on appeal, which we restate as follows:  Whether his sentence was appropriate in light of the nature of his offense and his character.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of March 17, 2011, a confidential informant working with the Gary Police Department contacted Shufford and arranged to meet him in a restaurant parking lot in the vicinity of Route 12 and Clay Street in Gary, Indiana, for a controlled drug buy.  The confidential informant arrived at the restaurant, and shortly thereafter Shufford arrived in a burgundy Chevy Malibu vehicle.  Shufford exited his car, entered the passenger side of the confidential informant's vehicle and handed the informant a clear knotted plastic bag containing an off-white rock-like substance in exchange for $50.  After Shufford left, the confidential informant went to a safe location and gave the plastic bag to the police.  The substance inside later tested positive for cocaine and weighed approximately 0.68 grams.

2

Subsequently, on the afternoon of March 31, 2011, the confidential informant made a second controlled drug buy from Shufford, this time at a gas station located in the vicinity of Route 20 and Clay Street in Gary. Again, the informant exchanged $50 for an off-white rock-like substance that Shufford represented to be cocaine. The confidential informant gave the substance to the police, and they determined that it weighed 0.73 grams and tested negative for the presence of cocaine.

On the afternoon of April 12, 2011, the confidential informant engaged in a third exchange with Shufford. Their meeting occurred in the same location as their first meeting and the informant again gave Shufford $50. In return, Shufford gave the informant a clear plastic bag containing an off-white rock-like substance. The substance later tested positive for cocaine and weighed approximately 0.27 grams.

Finally, on the afternoon of April 19, 2011, the confidential informant met with Shufford in a restaurant parking lot located near 5th Avenue and Grant Street in Gary. The informant gave Shufford $50, in exchange for a clear knotted bag containing a substance that later tested negative for cocaine and weighed 0.49 grams. During the exchange, Shufford represented that the substance was cocaine.

On August 2, 2011, the State filed an Information charging Shufford with Count I, dealing in cocaine, a Class B felony, I.C. § 35-48-4-1; Count II, dealing in cocaine, a Class B felony, I.C. § 35-48-4-1; Count III, dealing in a substance represented to be a controlled substance, a Class D felony, I.C. § 35-48-4-4.5; and Count IV, dealing in a substance represented to be a controlled substance, a Class D felony, I.C. § 35-48-4-4.5.

3

On November 7, 2011, a jury trial began but on November 8, 2011, prior to the completion of the jury trial, Shufford pled guilty to all four charges. Shufford's plea of guilty was entered without the benefit of a plea agreement. On January 13, 2012, a sentencing hearing was held. The trial court sentenced Shufford to twelve years each on Counts I and II, and two years each on Counts III and IV, with the sentences to be served concurrently and with four years suspended to probation on Counts I and II. As mitigating factors, the trial court recognized Shufford's guilty plea and that, while not being diagnosed with a mental illness, Shufford suffered from memory loss. As aggravating factors, the trial court identified Shufford's criminal history and the fact that his probation had been revoked in the past.

Shufford now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Shufford now claims that the trial court inappropriately sentenced him in light of the nature of his offense and his character. Under Indiana Appellate Rule 7(B), this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State,* 848 N.E.2d 1073, 1079-80 (Ind. 2006). Although this court is not required to use "great restraint," we nevertheless exercise deference to a trial court's sentencing decision, both because Appellate Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State,* 866

4

N.E.2d 858, 865-66 (Ind. Ct. App. 2007). The "principal role of appellate review should be to attempt to leaven the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

At trial, Shufford pled guilty to two Class B felonies and two Class D felonies. I.C. § 35-50-2-5 provides that a Class B felony carries a sentence of between six and twenty years, with an advisory sentence of ten years. I.C. § 35-50-2-7 provides that a Class D felony carries a sentence of between six months and three years, with an advisory sentence of one and one-half years. As Shufford received a sentence of twelve years for each of his Class B felony convictions and two years for each of his Class D felony convictions, he received slightly more than the advisory sentence for each offense.

With respect to the nature of his offense, Shufford argues that his offenses were not egregious enough to depart from the advisory sentence. Specifically, he notes that he did not in any way assault or threaten the confidential informant. We disagree; it is true that Shufford never threatened or assaulted the confidential informant, but he also dealt cocaine—a controlled substance—in public places.

Moreover, it is clear that Shufford's sentence is appropriate in light of his character. Shufford points to the fact that only one of his prior convictions was a drug-related offense and that he has made efforts to improve himself. Shufford completed his GED in 2010 and enrolled in a welding course but was unable to complete the course as a

5

result of his arrest. He also argues that he should be placed in community corrections where he will be more likely to receive treatment as he suffers from a mental illness as a result of a past assault with a baseball bat whereby he received a skull fracture.

We acknowledge Shufford's arguments. However, we note that these circumstances have little significance in light of his criminal history. Shufford is twenty-six years old and was adjudicated a delinquent as a juvenile for theft, if committed by an adult. In 2006, as an adult, Shufford was convicted of assisting a criminal as a Class D felony and sentenced to eighteen months, six of which he served on probation. On January 29, 2008, his probation was revoked and he was discharged from probation unsuccessfully.

Thereafter, in 2009, Shufford was convicted of dealing in marijuana as a felony offense and was sentenced to 21 months' incarceration. Soon after his release from incarceration, he received two additional misdemeanor convictions for possession of marijuana and resisting law enforcement. On March 1, 2011, he was sentenced to a year of probation for each misdemeanor, to be served consecutively. However, six months later, on September 12, 2011, the Probation Department filed a petition to revoke his probation. The hearing on this petition never occurred. Shufford was still on probation for these offenses when he committed the current offenses on March 17, March 30, April 12, and April 19 of 2011.

In light of this criminal history, we are not inclined to reduce Shufford's sentence or find that he should instead be sentenced to Community Corrections. A placement in

community corrections is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Holmes v. State,* 923 N.E.2d 479, 482 (Ind. Ct. App. 2010). We do not find that Shufford has earned such favor. As his probation revocations show, he has been granted leniency in the past and has failed to take advantage of that leniency as a chance to reform his behavior. Similarly, he was on probation when he committed the instant offenses.

We also find it relevant that Shufford's statements at his sentencing hearing indicate that he does not seem to accept responsibility for his actions. When the trial court asked him what he had learned from his last two prison sentences, the following transaction ensued:

> [SHUFFORD]: What did I learn? It is not a place for me to be[,] especially when I got these kids out here.
> [TRIAL COURT]: So why is it then that you got involved with dealing drugs again?
> [SHUFFORD]: It ain't that I was dealing. It is just that I was with the wrong person basically.
> [TRIAL COURT]: What do you mean?
> [SHUFFORD]: At the wrong place at the wrong time. But I am not a drug dealer.
> [TRIAL COURT]: So why would you be involved anyway if you have already been to prison once for dealing marijuana?
> [SHUFFORD]: It ain't that I was involved. I was in the car with the person. Ain't that I was—as you can see on the videos. I didn't do no transaction. I was in the car with someone. I never done no drugs. I am not what the prosecutor is trying to make me seem to be. That is not my character.

(Transcript pp. 23-24).

In light of these circumstances, we find that Shufford's sentence was appropriate.

7

## CONCLUSION

Based on the foregoing, we conclude that Shufford's sentence was appropriate in light of the nature of his offense and his character.

Affirmed.

BAILEY, J. and CRONE, J. concur